119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Tami CHRISTENSEN, aka Tami Edmo, Defendant-Appellant.
 No. 97-30004.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1997.**
Decided July 11, 1997.
 
 Before: REAVLEY,*** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We must decide whether Christensen was entitled to present an entrapment defense to the jury, and whether the government presented sufficient evidence to support her conviction. Because the parties are familiar with the facts, we will not repeat them here.
 
 
 3
 * To be entitled to an entrapment defense, a defendant must show at least slight evidence of two factors: (1) she was induced to commit the crime by a government agent; and (2) she was not otherwise predisposed to commit the crime. United States v. Marbella, 73 F.3d 1508, 1512 (9th Cir.1996). Although the threshold for making such a showing is very low, United States v. Sotello-Murillo, 887 F.2d 176, 179 (9th Cir.1993), there is no evidence in the record that government agents induced Christensen to commit the crime with which she was charged. Evidence that government agents overlooked similar violations by other students in the program is insufficient to constitute inducement. The district court did not err when it precluded Christensen from presenting evidence on an entrapment defense.
 
 II
 
 4
 Christensen was charged with 26 counts of violating 18 U.S.C. § 665(a). The government presented evidence that, on 26 of her weekly time reports, Christensen intentionally misrepresented that her instructor had signed the reports. In fact, the government presented evidence that her instructor's signature had been forged on each time report. Additionally, on many of the forms Christensen claimed that she attended more classroom hours than were offered. The government, relying on these misrepresentations, provided her with funds to which she was not entitled. This evidence is sufficient to support the jury's conclusion that Christensen obtained JTPA funds by fraud.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3